On a petition filed by the heirs at law of William Johnson, (125) deceased, for a sale of his real estate, a decree was made, the land sold, and the money collected by the master, whereupon an order of reference was made for him to ascertain and report to the court "the names and number of the heirs at law of the late William Johnson entitled to partition in the real estate in the pleadings mentioned, and the amount coming to each," who reported that the said William died intestate, in the county of Rutherford, in 1856, without issue or lineal descendant, and that he had one brother and three sisters, who all died in his lifetime, each leaving issue. The names of the brother and sisters were John, Martha, Amia, and Sarah. John had eight children, Martha three, Amia three, and Sarah three; that Milly, one of the children of Sarah, was dead, and left seven children. The master reported that the relatives of William Johnson were entitled to have a distribution of the fund per stirpes; that is, the children of each of the four (naming them) were entitled to a fourth among them, and that the children of Milly, the daughter of Sarah, were entitled to her share among them.
An exception was taken to the confirmation of the report by the children of John, who contended that the division should be made per capita among all the children of the four brethren of the said William equally. The court overruled the exception and ordered the report to be confirmed, from which order Willie Johnson and others, the children aforesaid of John, appealed to this Court. *Page 110 
The facts of this case present the same question which was decided by this Court in Clement v. Cauble, 55 N.C. 82. In that case the decision was not unanimous, a dissenting opinion having been filed by the present Chief Justice; but since that time the rule of descents, of which it was a construction (see Rev. Stat., chap. 38, (126) Rule 3), has been reenacted in the Revised Code in precisely the same language (see Rev. Code, chap. 38, Rule 3). We must, therefore, consider the Legislature as having given its sanction to the construction which was adopted in the case above referred to, particularly as that case is inserted as a marginal reference to the rule in question by the commissioners of publication under the directions given them in section 9 of the act "Concerning the Revised Code." (See Rev. Code, chap. 121, sec. 9.) The decree made in the court below must be
PER CURIAM. Affirmed.
Cited: Johnston v. Chesson, 59 N.C. 147; Cromartie v. Kemp, 66 N.C. 384;Crump v. Faucett. 70 N.C. 347.